USDC No. 3:23CV005-MPM-RP

## IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

ASHLEY MASSENGILL GRAYSON                  PLAINTIFF

V.                                     CAUSE NO.: CI2022-334GCD

DERRICKA HARWELL
AND JOHN DOES 1-10                               DEFENDANTS

## COMPLAINT

COMES NOW Plaintiff, Ashley Massengill Grayson, by and through her undersigned attorney, hereby files her Complaint against Defendants' Derricka Harwell and John Does 1-10.

### NATURE OF THE ACTION

1. By this action, Plaintiff Ashley Massengill Grayson, seeks to recover damages for defamatory social media posts authored by the Defendant, Derricka Harwell. Plaintiff is the owner of Digital Course Recipe, a consulting agency in Barbarrus County, North Carolina. Ashley Massengill Grayson has been consulting since April 2021 and maintains a heavy social media presence. The Defendant, Derricka Harwell posted comments on social media concerning Plaintiff which were false, defamatory and injurious to Plaintiff's professional and personal reputation. Defendant, Derricka Harwell's social media posts portrayed the Plaintiff in a false light causing severe emotional distress.

### THE PARTIES

2. Plaintiff, Ashley Massengill Grayson is an adult resident citizen of Cabarrus County, North Carolina.

3. Defendant, Derricka Harwell is a resident of DeSoto County, Mississippi who may be served at 385 Goodman Road East, Suite 158, Southaven, Mississippi 38671.

EXHIBIT A

1

FILED
DESOTO COUNTY, MS

SEP 19 2022

*Dale K. Thompson*
CIRCUIT COURT CLERK

## JURISDICTION AND VENUE

4.  Jurisdiction and venue are proper in the Circuit Court of DeSoto County, Mississippi in as much as the injuries to the Plaintiff was sustained within the geographical boundaries of DeSoto County, Mississippi. Further, the amount prayed for is within the jurisdictional limits of this Court.

## FACTS OF THE CASE

5.  On April 1, 2022, the Defendant, Derricka Harwell posted defamatory remarks about the Plaintiff via Facebook. (See Exhibit "A"). The posts of Derricka Harwell were posted underneath pictures of the Plaintiff and stated that she, Ms. Harwell "had to get legal and file a whole restraining order on this one" referring to the Plaintiff. The post went viral, being shared over forty thousand (40,000.00) times. The damages done to Plaintiff are extensive, on-going, and irreparable.

6.  Plaintiff is engaged in the business of digital consulting.

7.  Plaintiff has never been subject to a restraining order by the Defendant.

8.  Contrary to the defamatory statements of the Defendant, the Plaintiff maintains a reputation for being a law-abiding citizen who does not harass or stalk others.

9.  Plaintiff depends upon on social media to generate and maintain business for her company.

10. Plaintiff has never been the subject of a restraining order filed by the Defendant.

11. Contrary to the defamatory statements of the Defendant, the Plaintiff maintains a reputation for being a law-abiding citizen who does not harass or stalk others.

## FIRST CLAIM FOR RELIEF
(Libel Per Se-Injury to Business Reputation)

12. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 to 11 as if fully set forth at length herein.

13. Defendant's Facebook post described herein concerned Plaintiff and was false.

14. Defendant's Facebook post was widely disseminated and not privileged in any manner.

15. Defendant's Facebook post was made with reckless disregard of their truth or falsity and/or with malice.

16. Defendant's Facebook post were libelous per se because they injure Plaintiff's business reputation as a business owner.

17. Defendant's Facebook post were libelous per se because they injure Plaintiff's professional reputation as a business consultant.

18. Defendant's Facebook post forever falsely tainted and permanently damaged the Plaintiff, in the eyes of prospective customers, business and political communities, fellow consultants and the public at large as a person who stalks and harasses others. In addition, prospective customers will be less likely to avail themselves of the services of Plaintiff as a result of her tainted reputation.

19. Defendant's Facebook post forever falsely taints and permanently damages Plaintiff, in the eyes of current, former and prospective customers, business and political communities, fellow consultants and the public at large as a person who stalks and harasses others. Defendant's allegations imply that the Plaintiff has stalked and harassed her. These allegations of illegal or dangerous behavior are actionable per se as they involve matters undertaken in the conduct of a profession.

20. Defendant's Facebook post will remain archived forever for viewers to view and hold the Plaintiff in a contemptible and negative light. In addition, prospective customers will be less likely to seek services and prior customers will be less likely to refer customers to the Plaintiff as a result of her tainted reputation.

**SECOND CLAIM FOR RELIEF**
(Libel Per Se-Injury to Personal Reputation)

21. Plaintiff repeats and alleges the allegations set forth in paragraphs 1 to 20 as if fully set forth at length herein.

3

22. Defendant's Facebook post concerned Plaintiff and was false.

23. Defendant's Facebook post was widely published and not privileged in any manner.

24. Defendant's Facebook post was made with reckless disregard of its truth or falsity and/or with malice.

25. Defendant's Facebook post was libelous per se because they injure Plaintiff's reputation.

26. Defendant's Facebook post forever falsely taints and permanently damages the Plaintiff in the eyes of current, former and prospective customers, business and political communities, fellow consultants and the public at large as a person who stalks and harasses others. The Plaintiff has devoted many years of her personal and professional life to being a conscientious and respected member of the national business communities. The Defendant's post permanently damaged Plaintiff's personal reputation online and around the world.

27. Defendant's Facebook post forever falsely taints and permanently damages Plaintiff, in the eyes of current, former and prospective customers, business and political communities, fellow consultants and the public at large as a person who stalks and harasses others. The allegation of a restraining order is actionable per se as they involve matters undertaken in the conduct of a profession.

28. Defendant's Facebook post will remain on the internet forever for viewers to view and hold Plaintiff in a contemptible, negative light. In addition, prospective customers will be less likely to seek services and prior customers will be less likely to refer customers to the Plaintiff as a result of her tainted reputation.

## THIRD CLAIM FOR RELIEF
(Libel by Implication)

29. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 to 28 as if fully set forth at length herein.

30. Defendant's Facebook post concerned Plaintiff and was false.

31. Defendant's Facebook post was widely disseminated and not privileged in any manner.

32. Defendant's Facebook post were made with reckless disregard of its truth or falsity and/or with malice.

33. Defendant had no reasonable grounds for believing the truth of her Facebook post. Defendant relied on, at best, hearsay, circumstantial evidence and lies in posting the accusations.

34. Defendant's Facebook post forever falsely tainted and permanently damaged Plaintiff in the eyes of current, former and prospective customers, business and political communities, fellow consultants and the public at large as a person who stalks and harasses others.

35. Defendant's Facebook post forever falsely tainted and permanently damaged Plaintiff in the eyes of current, former and prospective customers, business and political communities, fellow consultants and the public at large as a person who stalks and harasses others. Allegations of illegal conduct are actionable per se as they involve matters undertaken in the conduct of a profession.

36. Defendant's Facebook post will remain on the internet forever for viewers to view and hold Plaintiff in a contemptible, negative light. In addition, prospective customers will be less likely to seek services and prior customers will be less likely to refer customers to the Plaintiff as a result of her tainted reputation.

37. Defendant's Facebook post implies that Plaintiff has engaged in illegal conduct involving stalking and harassing the Defendant. These allegations of illegal conduct are actionable per se as they involve matters undertaken in the conduct of a profession.

5

38. Defendant's Facebook post will remain on the internet forever for viewers to view and hold Plaintiff in a contemptible, negative light. In addition, prospective customers will be less likely to seek services and prior customers will be less likely to refer customers to the Plaintiff as a result of her tainted reputation.

## FOURTH CLAIM FOR RELIEF
(Libel-Reckless Disregard/Malice)

39. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 to 38 as if fully set forth at length herein.

40. Defendant's Facebook post concerned Plaintiff and was false.

41. Defendant's Facebook post were widely published and not privileged in any manner.

42. Defendant's Facebook post were made with reckless disregard of their truth or falsity and/or with malice.

43. Defendant has no reasonable grounds for believing the truth of her Facebook post. Defendant relied on, at best, hearsay, circumstantial evidence and lies in posting the comments.

44. Defendant's Facebook post forever falsely taints and permanently damages the Plaintiff in the eyes of current, former and prospective customers, business and political communities, fellow consultants and the public at large as a person who stalks and harasses others. The Plaintiff has devoted many years of her personal and professional life to being a conscientious and respected member of the national business communities. The Defendant's post permanently damaged Plaintiff's personal reputation online and around the world.

45. Defendant's Facebook post forever falsely taints and permanently damages Plaintiff, in the eyes of current, former and prospective customers as a someone in the eyes of current, former and prospective customers, business and political communities, fellow consultants and the public at large as a person who stalks and harasses others. Defendant's Facebook post implies that Plaintiff has

engaged in illegal conduct involving stalking and harassing the Defendant. These allegations of illegal conduct are actionable per se as they involve matters undertaken in the conduct of a profession.

46. The group emails will remain on the email archives forever for viewers to view and hold Plaintiff in a contemptible, negative light. In addition, prospective customers will be less likely to seek services from Plaintiff and current customer will be less likely to refer customers to Plaintiff as a result of their tainted reputation.

## SIXTH CLAIM FOR RELIEF
(Publicity Placing Plaintiff in False Light)

47. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 to 46 as if fully set forth at length herein.

48. Defendant's Facebook post of Plaintiff concerned Plaintiff and placed Plaintiff in a false light.

49. Defendant's Facebook post placed Plaintiff in a false light which would be highly offensive to a reasonable person.

50. Defendant had knowledge of or acted in reckless disregard to the falsity of the publicized matter and the false light in which the Plaintiff would be placed.

51. Defendant's Facebook post forever falsely taints and permanently damages the Plaintiff in the eyes of current, former and prospective customers, business and political communities, fellow consultants and the public at large as a person who stalks and harasses others. The Plaintiff has devoted many years of her personal and professional life to being a conscientious and respected member of the national business communities. The Defendant's post permanently damaged Plaintiff's personal reputation online and around the world. The Defendant's post will remain in the archives for viewers everywhere to view and hold Plaintiff in a contemptible, negative light. Defendants' false light invasion of privacy has caused Plaintiff extreme emotional distress.

52. Defendant's Facebook post forever falsely taints and permanently damages Plaintiff, in the eyes of current, former and prospective customers as a someone in the eyes of current, former and prospective customers, business and political communities, fellow consultants and the public at large as a person who stalks and harasses others. Defendant's Facebook post implies that Plaintiff has engaged in illegal conduct involving stalking and harassing the Defendant. These allegations of illegal conduct are actionable per se as they involve matters undertaken in the conduct of a profession.

53. The Defendant's post will remain archived forever for viewers across the world to view and hold Plaintiff in a contemptible, negative light. In addition, prospective customers will be less likely to seek services from Plaintiff and former customers or those in the consulting business will be less likely to refer customer to Plaintiff as a result of her reputation.

## SEVENTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)

54. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 to 53 as if fully set forth at length herein.

55. Defendant's Facebook post were extreme and outrageous.

56. Defendant's Facebook post has caused Plaintiff to suffer severe emotional distress.

57. Defendant knew and intended that Plaintiff would suffer severe emotional distress as a result of her Facebook post.

## INJUNCTIVE RELIEF

58. Plaintiff further believes that the Defendant will continue to defame the Plaintff. Plaintiff seeks a preliminary and permanent injunction pending resolution of this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment as follows:

59. Awarding Plaintiff all compensatory damages she has suffered, including consequential and incidental damages, as a result of Defendant's wrongful conduct in an amount to be determined at trial;

60. Awarding Plaintiff punitive damages in a just amount for Defendant's willful and wanton conduct;

61. Awarding Plaintiff pre-judgment and post-judgment interest;

62. Awarding Plaintiff her costs, expenses and attorney's fees incurred in connection with this action; and

63. Awarding Plaintiff such other relief as the Court finds just and proper.

Respectfully submitted this the 15th day of September, 2022.

**ASHLEY MASSENGILL GRAYSON**

By: /s/William S. Kellum
William S. Kellum

OF COUNSEL:

William S. Kellum, MSB# 101898
Kellum Law Firm
1438 N. State Street
Jackson, Mississippi 39202
Telephone: 601.969.2709
Facsimile: 601.969.2131
Email: bill@kellumlawfirmpc.com



**Derricka Harwell**

Chile, i had to get legal & file a whole restraining order on this one... it ain't what you think. I promise. Becareful who you show admiration to sis.... I bet a million dollars this ain't it.

2h   Like   Reply                    1

Exhibit "A"

**Derricka Harwell**
Chile, i had to get legal & file a whole restraining order on this one... it ain't what you think. I promise. Becareful who you show admiration to sis.... I bet a million dollars this ain't it.

2h   Like   Reply                                1 

**Kiera N Stevenson**
Derricka Harwell you think he not the one?

1h   Like   Reply

**Tracy Fuller**
Derricka Harwell oh wow Nooooo, I mean Facebook can paint anything but seeing her go through all she went through and still came out on top is a blessing in my eyes . I mean I'm on the outside looking in but this guy looks like he really adores and appreciate her...😭 I hate that happened between y'all wow!!! 😩🙏 #smh

37m   Like   Reply

Write a reply...