## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**ASHLEY MASSENGILL GRAYSON**                    **PLAINTIFF**

**V.**                                     **CIV. ACT. NO.:** 3:23-cv-00005-MPM-RP

**DERRICKA HARWELL**
**AND JOHN DOES 1-10**                              **DEFENDANT**

### ANSWER TO COMPLAINT

    **COMES NOW**, Defendant, **DERRICKA HARWELL** (hereinafter referred to as "Defendant"), by and through the undersigned counsel, and, as her initial response to the Complaint (hereinafter "Complaint") filed against her would state as follows:

### FIRST DEFENSE

    Plaintiff's complaint should fail because some or all of the causes of action or requested remedies fail to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

### SECOND DEFENSE

    Plaintiff caused or contributed to her alleged damages.

### THIRD DEFENSE - ANSWER

    Defendant responds to Plaintiff's complaint, paragraph by paragraph, as follows:

### NATURE OF ACTION

1.    Defendant vehemently denies the allegations contained in Paragraph 1.

### THE PARTIES

2.    Upon information and belief, Defendant admits the allegations contained in Paragraph 2.

3.      Defendant admits the allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4.      Defendant denies jurisdiction and venue are proper in the Circuit Court of Desoto County, Mississippi, as more fully detailed in its Notice of Removal to the United States District Court for the Northern District of Mississippi, Oxford Division [1]. Defendant reserves and alleges herein all rights and defenses under the United States Constitution regarding venue and jurisdiction, and all applicable federal statutes and rules authorizing a change of venue for prejudicial pretrial publicity, or bias which may arise as a result of any extrajudicial interference with the judicial process.

## FACTS OF THE CASE

5.      Defendant vehemently denies the allegations contained in Paragraph 5.

6.      Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 6.

7.      Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 7.

8.      Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 8.

9.      Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 9.

10.     As previously stated in their response to Paragraph 7, Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 10.

11.     As previously stated in their response to Paragraph 8, Defendant denies, denies

as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 11.

## **FIRST CLAIM FOR RELIEF**
(Libel Per Se-Injury to Business Reputation)

12.     Defendant hereby incorporates all of her defenses and responses to the preceding allegations set forth in Paragraphs 1-11 as if fully set forth at length herein.

13.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 13.

14.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 14.

15.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 15.

16.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 16.

17.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 17.

18.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 18.

19.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 19.

20.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 20.

**SECOND CLAIM FOR RELIEF**
(Libel Per Se-Injury to Personal Reputation)

21.    Defendant hereby incorporates all of her defenses and responses to the preceding allegations set forth in Paragraphs 1-20 as if fully set forth at length herein.

22.    Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 22.

23.    Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 23.

24.    Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 24.

25.    Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 25.

26.    Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 26.

27.    Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 27.

28.    Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 28.

**THIRD CLAIM FOR REIEF**
(Libel by Implication)

29.    Defendant hereby incorporates all of her defenses and responses to the preceding allegations set forth in Paragraphs 1-28 as if fully set forth at length herein.

30.    Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 30.

31.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 31.

32.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 32.

33.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 33.

34.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 34.

35.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 35.

36.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 36.

37.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 37.

38.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 38.

### FOURTH CLAIM FOR RELIEF
(Libel- Reckless Disregard/Malice)

39.     Defendant hereby incorporates all of her defenses and responses to the preceding allegations set forth in Paragraphs 1-38 as if fully set forth at length herein.

40.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 40.

41.     Defendant denies, denies as worded, or is without sufficient knowledge or

information to form a belief as to the allegations contained in Paragraph 41.

42.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 42.

43.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 43.

44.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 44.

45.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 45.

46.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 46.

## SIXTH CLAIM FOR RELIEF
(Publicity Placing Plaintiff in False Light)

47.     Defendant hereby incorporates all of her defenses and responses to the preceding allegations set forth in Paragraphs 1-46 as if fully set forth at length herein.

48.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 48.

49.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 49.

50.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 50.

51.     Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 51.

52.  Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 52.

53.  Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 53.

## SEVENTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)

54.  Defendant hereby incorporates all of her defenses and responses to the preceding allegations set forth in Paragraphs 1-53 as if fully set forth at length herein.

55.  Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 55.

56.  Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 56.

57.  Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 57.

## INJUNCTIVE RELIEF

58.  Defendant denies, denies as worded, or is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 58.

## FOURTH DEFENSE

Some or all of the Plaintiff's claims or requested remedies are barred by the applicable statute of limitations or period of prescription, and any proposed amendments should not relate back to the original date of filing.

## FIFTH DEFENSE

Plaintiff's damages, if any, were caused and/or contributed to by persons other than

Defendant, her agents or assigns.

## SIXTH DEFENSE

Plaintiff has failed to join persons or entities which may be considered necessary and/or indispensable to a complete adjudication of their claims.

## SEVENTH DEFENSE

Sufficiency and/or service of process was deficient or failed and/or Plaintiff failed to serve Defendant within the prescribed period of time.

## EIGHTH DEFENSE

Defendant avers that Plaintiff has not been damaged as a result of any alleged wrongdoing on the part of Defendant.

## NINTH DEFENSE

Defendant denies that Plaintiff was injured to the nature and extent claimed and contests damages.

## TENTH DEFENSE

Defendant avers that the complaint fails to state a claim for punitive damages under Miss. Code Ann. § 15-1-33, which requires that any suit for penalty be brought within one (1) year from the date of the alleged offense.

## ELEVENTH DEFENSE

To the extent punitive damages are requested, Plaintiff will be unable to fully comply with the provisions of Miss. Code Ann. § 11-1-65, or other applicable law.

## TWELFTH DEFENSE

Defendant denies that she has committed any conduct which entitles Plaintiff to recover punitive damages.

**THIRTEENTH DEFENSE**

Defendant denies that she has committed any conduct which entitles Plaintiff to recover punitive damages.

**FOURTEENTH DEFENSE**

Defendant avers that the complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

**FIFTEENTH DEFENSE**

The claim(s) asserted in Plaintiff's Complaint is barred by estoppel.

**SIXTEENTH DEFENSE**

Any statements or communications by Defendant concerning Plaintiff were privileged.

**SEVENTEENTH DEFENSE**

Any statements or communications by Defendant concerning Plaintiff were true.

**EIGHTEENTH DEFENSE**

Any statements or communications by Defendant concerning Plaintiff were not made maliciously.

**NINETEENTH DEFENSE**

Defendant affirmatively pleads all applicable defenses set forth in *M.R.C.P.* 8.

**TWENTIETH DEFENSE**

Defendant committed no intentional or willful act.

**TWENTY-FIRST DEFENSE**

Plaintiff failed to mitigate her damages, if any, same being denied.

## TWENTY-SECOND DEFENSE

Plaintiff is a public figure.

## TWENTY-THIRD DEFENSE

Plaintiff incurred no special damages as a result of any statement or communication by Defendant concerning Plaintiff.

## TWENTY-FOURTH DEFENSE

As to Plaintiff's claim for punitive damages, Defendant affirmatively pleads all limitations, restrictions, and requirements imposed by *Miss. Code Ann. §* 11-1-65.

## TWENTY-FIFTH DEFENSE

Any award of punitive damages to Plaintiff under Mississippi law without requiring a bifurcated trial as to all punitive damage issues would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article III, Section 14 of the Mississippi Constitution.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Mississippi law subject to an excessive pre-determined upper limit would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article 3, § 14 of the Constitution of the State of Mississippi, and may result in a violation of Defendant's right not to be subjected to an excessive award in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 3, § 28 of the Constitution of the State of Mississippi.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive

damages under Mississippi law by a fact finder that is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment and is not instructed to award only that amount of punitive damages as reflects a necessary relationship between the amount of punitive damages and the actual harm in question would violate Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article 3, § 14 of the Constitution of the State of Mississippi.

<u>**TWENTY-EIGHTH DEFENSE**</u>

Plaintiff's claims for punitive damages are unconstitutional insofar as they violate the Due Process protections afforded by the United States Constitution, the Excessive Fines clause of the Eighth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, the Equal Protection clause of the United States Constitution, and applicable provisions of the Constitution of the State of Mississippi including, without limitation, Article 3, §§ 14, 17, and 28. Any law, statute or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct would result in punitive damages; (3) may permit recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to the plaintiff; (4) may permit recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to plaintiff and to the amount of compensatory damages, if any; (5) may permit a jury to award punitive damages for harm to non-parties; (6) may permit jury

consideration of net worth, wealth, surplus, reserves, or other financial information relating to defendants; (7) lacks sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award; (8) lacks sufficient standards for appellate review of punitive damages awards; and (9) otherwise fails to satisfy United States Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Products Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993), *BMW of N. America, Inc. v. Gore*, 517 U.S. 599 (1996), *2.     Defendants Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

## TWENTY-NINTH DEFENSE

Some or all of the Plaintiff's claims or requested remedies improperly seek to effect a deprivation of liberty and property in contravention of rights guaranteed Defendant by the Due Process Clauses of the Constitutions of the United States and the State of Mississippi.

## THIRTIETH DEFENSE

Some or all of the Plaintiff's claims or requested remedies improperly seek to effect a taking without just compensation in contravention of rights guaranteed to Defendants by the Constitutions of the United States and of the State of Mississippi.

## THIRTY-SECOND DEFENSE

Plaintiff's claims for special damages, if any, have not been specifically stated, as required by Mississippi Rule of Civil Procedure 9(g), thus barring recovery for any such damages.

## THIRTY-THIRD DEFENSE

A jury award of mental anguish damages in this case would violate due process and equal protection rights guaranteed to Defendants by the Fifth and Fourteenth Amendments to the

United States Constitution, and Article 1, §§1, 6 and 22 of the Constitution of the State of Mississippi. A mental anguish damage award will violate these provisions because Mississippi jurors are given no rule, standard or guideline upon which to rely in calculating such an award.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims for special damages are not recoverable under the common law as stated in *Hadley v. Baxendale*, 9 Exch. 341, 156 Eng. Rep. 145 (1854).

### THIRTY-FIFTH DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Mississippi law for ascertaining the amount thereof, such that any award of said damages against Defendants would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 6 of the Mississippi Constitution, which prohibits deprivation of life, liberty or property except by due process of law.

### THIRTY-SIXTH DEFENSE

Some or all of the Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel or laches.

### THIRTY-SEVENTH DEFENSE

Defendant reserves and alleges herein all rights and defenses under the United States Constitution regarding venue and jurisdiction, all applicable statutes and rules authorizing a change of venue for inconvenient forum.

### THIRTY-EIGHTH DEFENSE

Defendant reserves the right to assert any further or additional defenses that may be developed during the course of discovery in this matter.

## THIRTY-NINTH DEFENSE

Without waiving any other defense asserted herein, any allegation contained in Plaintiff's complaint which has not been specifically admitted is hereby denied.

**WHEREFORE**, **ALL PREMISES CONSIDERED**, Defendant's counsel, having answered Plaintiff's complaint, paragraph by paragraph, having denied each and every allegation which might impute liability, and having asserted certain defenses, and reserving the right to amend Defendant's answer or assert additional defenses as warranted, respectfully requests that the Court dismiss the Complaint filed against Defendant with prejudice and that Plaintiff be assessed with payment of Defendant's attorney's fees and expenses incurred in defending against Plaintiff's action, and all costs of court assessed to Plaintiff.

## COUNTERCLAIM

**COMES NOW**, Counter-Plaintiffs, **DERRICKA HARWELL** and **ANTARIO HARWELL**, **individually and on behalf of their minor children**, **AAS**, **GAS**, **WAH**, **AAH**, **DAH**, **WAH**, and **ANH**, by and through counsel and pursuant to M.R.C.P. 13, and files this Counterclaim against Counter-Defendant, **ASHLEY MASSENGIL**, **DIGITAL COURSE RECIPE, LLC ("DCR")**, **CREDIT CAKE**, **and JOHN DOES 1-100**, as follows:

### I.     PARTIES

1.   Counter-Plaintiff, **DERRICKA HARWELL**, **individually and on behalf of their minor children**, **AAS**, **GAS**, **WAH**, **AAH**, **DAH**, **WAH**, and **ANH**, is now, and at all times mentioned in this complaint, domiciled in and an adult resident citizen of Desoto County, Mississippi.

2.   Counter-Plaintiff, **ANTARIO HARWELL**, **individually and on behalf of their minor children**, **AAS**, **GAS**, **WAH**, **AAH**, **DAH**, **WAH**, and **ANH**, is now, and at all times mentioned in this complaint, domiciled in and an adult resident citizen of Desoto County, Mississippi.

3. Counter-Defendant, **ASHLEY MASSENGIL**, individually and in her professional capacity as CEO and owner of **DIGITAL COURSE RECIPE, LLC ("DCR")** and **CREDIT CAKE**, is now, and at all times mentioned in this complaint, was domiciled in and an adult resident citizen of Dallas County, Texas with a physical address of 6153 Sunrise Lake Drive, Fort Worth, TX 76178.

4. Counter-Defendant, **DIGITAL COURSE RECIPE, LLC ("DCR")** and **CREDIT CAKE**, are North Carolina entities with their principal place of business in Cabarrus County, North Carolina, 227 W. 4th Street, 1st Floor.

5. Counter-Defendant, **JOHN DOES 1-100**,

## II.
## JURISDICTION AND VENUE

6. That this action is of a civil nature involving, exclusive of interests and costs, a sum in excess of *$75,000*. Every issue of law and fact in this action is wholly between citizens of different states.

## III.
## FACTS OF THE CASE

7. That at all times relevant, Counter-Plaintiff, **DERRICKA HARWELL**, is and has been a public figure and CEO of Beautify Credit and a real estate mogul.

8. That beginning in September of 2020, Counter-Plaintiff and Counter-Defendant, became acquaintances via Facebook, as they are in the same profession and know mutual people.

9. That during the course of the relationship, Counter-Defendant began to post derogatory comments regarding Counter-Plaintiff via social media (Facebook). Counter-Plaintiff never reacted but did block Counter-Defendant's account on Facebook.

10. That on or about *August 2022*, upon information and belief, Counter-Defendant began to anonymously engage in a pattern of posting hundreds of false and defamatory statements regarding Counter-Plaintiff on various social media sites, as well as sending Counter-Plaintiff harassing direct messages under various anonymous usernames on Facebook.

11. That also in *August of 2022*, upon information and belief, Counter-Defendant posted Counter-Plaintiff's home address and phone numbers on social media in an attempt to follow, alarm, and/or harass Counter-Plaintiff.

12. That on *August 18, 2022*, after numerous attempts to report the harassment to law enforcement and obtain a restraining order, Counter-Plaintiff reported the harassment online and was able to get an official police report filed against Counter-Defendant, in order to obtain a restraining order.

13. That on or about *September 26, 2022*, the Federal Bureau of Investigations (FBI) came to Counter-Plaintiff's home and advised her that Counter-Defendant attempted to hire individuals to murder, specifically in the presence of her children.

14. That as a result, Counter-Plaintiff, upon the request of the FBI and out of fear for her life was forced to move herself and her family from their home and was placed under protection.

15. That videos of the murder for hire have been posted on various social media sites, podcasts, and interviews.

16. That to cover up the murder-for-hire investigation, Counter-Defendant has proceeded to sue the multiple victims of the attempted murder for hire.

## COUNT I
## STALKING AND CYBERSTALKING

17.  That as to all Counter-Defendants, Counter-Plaintiff realleges paragraphs 1 through 14 above, as though fully set forth in this paragraph.

18.  That Counter-Defendants, each and all of them, engaged in a pattern of conduct, the intent of which was to follow, alarm or harass Counter-Plaintiffs.

19.  That Counter-Plaintiffs feared for their safety and the safety of their minor children and immediate family.

20.  That Counter-Defendants, each and all of them, made a credible threat with the intent to place Counter-Plaintiffs in reasonable fear for their safety, or the safety of their minor children and immediate family and Counter-Plaintiffs sought to cease and abate the conduct by reaching out to local police and sought a restraining order.

21.  That Counter-Plaintiffs have been damaged by Counter-Defendants' actions in the form of substantial emotional distress.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22.  That Counter-Plaintiffs reallege paragraphs 1 through 21 above, as though fully set forth in this paragraph.

23. That Counter-Defendants acted intentionally and recklessly.

24. That Counter-Defendants' conduct was extreme, outrageous, atrocious, and utterly intolerable in a civilized community, including but not limited to threats to murder Counter-Plaintiff, **DERRICKA HARWELL**, in front of her minor children.

25. That Counter-Defendants' conduct was the cause of Counter-Plaintiffs' severe emotional distress, not limited to anxiety, loss of sleep, depression, loss of consortium, loss of enjoyment of

life, embarrassment, and extreme fear.

**COUNT III**
**DEFAMATION**

26. That Counter-Plaintiffs reallege paragraphs 1 through 25 above, as though fully set forth in this paragraph.

27. That Counter-Defendants have posted statements under anonymous names (Amanda Stone and Jane Deaux) that were traced back to Counter-Defendants, alleging that Counter-Plaintiff has a fraudulent business and reposted videos of a disgruntled tenant with the defamatory and derogatory hashtags, on or about October 2022. The following are videos posted on social media:

https://www.facebook.com/profile.php?id=100086607787117

https://youtu.be/X544UFZ4tYU

28. The aforesaid false and defamatory statements made by Counter-Defendants were made with malice and/or negligence and/or with reckless indifference to the truth.

29. The aforesaid false and defamatory statements made by Counter-Defendants were made without privilege, injured Counter-Plaintiff in her trade, profession, and community standing, lowered her in the estimation of the community, and injured Counter-Plaintiff in numerous business dealings currently and in the future.

30. Counter-Defendants are responsible for the acts and statements by each other.

31. Counter-Plaintiffs have suffered severe emotional, physical, monetary, and psychological damages as a result of the unlawful conduct of Counter-Defendants.

**PRAYER FOR RELIEF**

**THEREFORE, ALL PREMISES CONSIDERED**, Counter-Plaintiffs respectfully request that this Honorable Court enter judgment in its favor on all counts of this Complaint and grant Counter-Plaintiffs the following relief:

32. An award of damages in the amount of *$10 million*, plus interest, costs, and reasonable attorney's fees associated with this action.

33. An award of exemplary damages in an amount to punish and make an example of Counter-Defendants for their willful, wanton, and outrageous conduct.

34. An order prohibiting Counter-Defendants from engaging in future unlawful conduct.

35. An award to Counter-Plaintiffs of pre-judgment and post-judgment interest

36. Such additional relief as the court deems just and proper.

**DATED**: January 4, 2023.

Respectfully Submitted,

**DERRICKA HARWELL** and **ANTARIO HARWELL**, individually and o/b/o their minor children, **AAS**, **GAS**, **WAH**, **AAH**, **DAH**, **WAH**, and **ANH**
*DEFENDANT/COUNTER-PLAINTIFFS*

**BY:** /s Daniel E. Morris
DANIEL E. MORRIS, MSB#102723

**OF COUNSEL**:
DANIEL E. MORRIS LAW FIRM
P.O. BOX 40811
BATON ROUGE, LA 70835
P:    888-966-7747
F:    877-966-7747
W:    www.demlawfirm.com
E:    danielmorris@demlawfirm.com
      genara@demlawfirm.com

## CERTIFICATE OF SERVICE

I, **DANIEL E. MORRIS**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record, including:

**DATED**:  January 4, 2023.


/s/ *Daniel E. Morris*
DANIEL E. MORRIS
**DANIEL E. MORRIS LAW FIRM**