**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

ASHLEY MASSENGILL GRAYSON                                        PLAINTIFF

v.                                                                NO.  3:23-CV-005-MPM-RP

DERRICKA HARWELL, et al.                                         DEFENDANTS

<u>**ORDER LIFTING STAY**</u>

This matter is before the court on the Defendant's Second Motion to Lift Stay [ECF 127]. The plaintiff/counter-defendant opposes the motion.  Upon review of the briefings on this motion, the court finds that the motion is well-taken and should be granted.[1]

The plaintiff Ashley Grayson initiated the present action in Desoto County Circuit Court, seeking damages for defamatory social media posts alleged to have been authored by Defendant Derricka Harwell.  Harwell filed a counterclaim in response, alleging her own claim of defamation against Grayson, in addition to claims for intentional infliction of emotional distress, stalking, and cyberstalking.  Having been advised that Grayson had been indicted for the conduct that is the subject of Harwell's counterclaim, the court stayed the present civil case on August 17, 2023 pending resolution of the criminal proceedings against Grayson.  ECF 106.  On April 2, 2024, Harwell moved to lift the stay, citing Grayson's conviction in the criminal proceeding and Harwell's desire to avoid further delay.  ECF 113.  Grayson opposed the motion, arguing that she had not yet been sentenced and therefore the same potential prejudices remain.  The court agreed with Grayson and ultimately denied the motion.

---

[1]  On January 14, 2026, Harwell filed her Third Motion for Extension of Time to File Reply.  ECF 138.  Grayson did not respond to the motion and the time to do so has passed.  Accordingly, Harwell's reply filed in connection to the present motion is deemed timely as her request for an extension of time was unopposed.

Harwell now presents her second request that the court lift its stay of the proceedings due to the resolution of the criminal proceedings against Grayson.  In support, Harwell submits documentation that shows that on November 1, 2024, Grayson filed an appeal of her conviction and sentencing order entered against her by the U.S. District Court for the Western District of Tennessee; that on August 14, 2025 the Sixth Circuit affirmed the district court's judgment; and that on September 15, 2025, Grayson's petition for a rehearing, *en banc*, was denied.  Therefore, Harwell requests that the court proceed with the present action because the criminal proceedings have concluded.  Grayson opposes the lifting of the stay in this case, asserting – without explanation -- that "the [criminal] appellate process continues and is far from exhausted." Grayson brief, ECF 134 at 2.  The court finds the stay should be lifted.

"[A] civil plaintiff has no absolute right to both his silence and his lawsuit, but federal courts 'defer[ ] civil proceedings pending the completion of parallel criminal prosecutions *when the interests of justice*' require.'" *Langiano v. City of Ft. Worth, Texas*, 131 F.4th 285, 290 (5th Cir. 2025) (citations omitted).  The 5th Circuit considers six factors in determining whether to stay a civil action pending resolution of a criminal proceeding: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest.  *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391, 398-99 (S.D. Tex. 2009) (collecting district court cases from the 5th circuit).

Here, the court finds that these factors no longer weigh in favor of leaving the stay of this case in place.  Because Grayson had been indicted on a criminal charge for conspiracy to commit

murder-for-hire and that said conduct was the subject of Harwell's counterclaim, the court acknowledged that there was a significant overlap of the civil and criminal cases' issues. It was the consideration of this factor, coupled with the status of Grayson's criminal proceedings, that weighed in favor of staying the case. The undersigned pointed to the concern that "a parallel civil litigation may undermine a criminal defendant's Fifth Amendment privilege against self-incrimination and subject the defendant to other prejudices. ECF 104 at 2. The court acknowledged Harwell's interest in proceeding with her claims against Grayson, but it explained its expectation that "the criminal proceedings in the U.S. District Court for the Western District of Tennessee will be handled expeditiously." *Id*.

Now that Grayson has been convicted and that conviction has been affirmed on appeal, Harwell contends that Grayson's criminal proceedings have concluded, negating a basis to continue the stay in the civil case. However, Grayson disagrees. Notwithstanding a guilty verdict and an unsuccessful appeal to the Sixth Circuit Court of Appeals, it is Grayson's position that appellate process "continues and is far from exhausted." ECF 134 at 2. Therefore, Grayson argues that she will be prejudiced by a lift of the stay. The court is not persuaded. Not only does Grayson provide no explanation for her assertion that her criminal proceedings have not concluded, but she fails to show how she will be prejudiced if the court lifts the stay. As Harwell points out, Grayson's appeal was based solely on procedural grounds. Moreover, Grayson merely suggests that her conviction "may" be used against her in the present matter rather than explaining any implications that the proceeding may have on the appeal of her conviction.

Turning to the remaining factors, the undersigned finds that they too weigh in favor of lifting the stay in this matter. As it relates to Harwell's private interest, she submits to the court that continued delay risks "fading memories, loss of evidence, and ongoing reputational harm."

ECF 139 at 5.  The undersigned agrees.  The present action was removed to this court on January

4, 2023 and stayed on August 17, 2023.  A time span of over two years is sufficient to concern

the court's own interest in the efficient deposition of its docket—a stay for an additional,

uncertain time span is even more so concerning.   This court has previously found that, when

there is no indication of when a criminal proceeding would be resolved, a stay was unwarranted

because it would be indefinite in its duration.  *See Wilemon Found., Inc. v. Wilemon*, No. 1:19-

CV-136-GHD-DAS, 2020 WL 6220808, at *2 (N.D. Miss. Oct. 22, 2020); *Rogers v.*

*Tallahatchie Gourmet, L.L.C.*, No. 319CV00142GHDJMV, 2019 WL 6736224 (N.D. Miss. Dec.

11, 2019).  Finally, Grayson has provided no argument to persuade the court that there is a public

interest weighing in favor of an indefinite stay of these proceedings.

Therefore, Defendant's Second Motion to Lift Stay [ECF #127] is GRANTED, and the

stay is hereby LIFTED.  A status teleconference with counsel for the parties will be set for the

purpose of discussing the remaining scheduling deadlines.

Further, Harwell's Third Motion for Extension of Time to File Reply [ECF 138] is

GRANTED and her reply is deemed timely

SO ORDERED, this the 20th day of February, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE